IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAUT USA, INC. and ELAUT NV,<br><br>    *Plaintiffs*,<br>v.<br><br>S&B ENTERTAINMENT, INC.,<br><br>    *Defendant*. | Case No.: _____<br><br>**COMPLAINT FOR UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT FOR UNFAIR COMPETITION

Plaintiffs Elaut NV and Elaut USA, Inc. (collectively "Plaintiffs"), bring this action for unfair competition against Defendant S&B Entertainment, Inc. and allege as follows:

### THE PARTIES

1.   Plaintiff Elaut NV is organized under the laws of Belgium and maintains its principal place of business at Passtraat 223, 9100 Sint-Niklaas, Belgium.  Elaut NV is a leading provider of specially-designed games for amusement parks, arcades, and casinos around the world, including in the State of New Jersey. Elaut NV's affiliate and exclusive U.S. licensee and distributor, Elaut USA ("Elaut USA"), is organized under the laws of New Jersey.  Elaut USA maintains its principal place of business at 1000 Towbin Avenue, Lakewood, New Jersey 08701.

2. Upon information and belief, Defendant S&B Entertainment, Inc. ("S&B Entertainment") is a corporation organized under the laws of Missouri and maintains its principal place of business at 1535 North Broadway, St. Louis, MO 63102. Brian K. Riggles is the registered agent for S&B Entertainment and may be served with process at 1535 N. Broadway, St. Louis, MO 63102.

## JURISDICTION AND VENUE

3. Jurisdiction in this action is predicated on 15 U.S.C. §1121 in that this action arises out of the Trademark Laws of the United States, Title 15 of the United States Code, and on the provisions of 28 U.S.C. §§1331 and 1332. This Court has supplemental jurisdiction for all non-federal causes of action pursuant to 28 U.S.C. §1367.

4. This Court has personal jurisdiction over S&B Entertainment by virtue of conducting business activities in this jurisdiction and its tortious acts of unfair competition committed in this jurisdiction.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL COUNTS

6. Elaut NV has been manufacturing amusement technology machines since 1959. Elaut NV introduced its first free

2

standing crane machine in 1978, and entered the U.S. market in the early 1980s.

7.  As Elaut NV's exclusive U.S. licensee and distributor, Elaut USA markets and distributes Elaut NV's amusement technology machines throughout North America. For more than 30 years, Plaintiffs have continuously sold their amusement technology machines, including but not limited to crane machines, in the United States.

8.  As a leader in the market, Elaut NV offers a wide range of amusement technology machines and is continually developing new technology and gaming machines. In June 2014, Elaut NV introduced its PLUCKY DUCKY arcade game machine into the United States market.

9.  Elaut USA filed a federal trademark application for the mark PLUCKY DUCKY for "arcade game machines" on March 15, 2016, based on a claim of use of that mark since June 1, 2014. That application is currently pending at the U.S. Patent and Trademark Office under Application Serial No. 86941254. Trademark Application Serial No. 86941254 was assigned to Elaut NV on May 17, 2016, and that assignment was recorded at the U.S. Patent and Trademark Office on May 17, 2016.

10. Since introducing the PLUCKY DUCKY arcade game machine in the United States, Plaintiffs have continuously used the PLUCKY DUCKY mark to identify arcade game machines and have sold

hundreds of the PLUCKY DUCKY arcade game machines throughout the United States.

11.  Plaintiffs have actively marketed and promoted the PLUCKY DUCKY arcade game machines since June 2014 at trade shows and through other marketing and promotion efforts. As a result of the uniform quality of the PLUCKY DUCKY arcade game machines, the PLUCKY DUCKY mark has earned a reputation among consumers and has become a valuable asset of Plaintiffs.  In addition, as a result of Plaintiffs' marketing and promotion of the PLUCKY DUCKY mark, the PLUCKY DUCKY mark has acquired distinctiveness.

12.  On information and belief, S&B Entertainment announced the introduction of its LUCKY DUCKY arcade game machine in the nature of a crane machine in November 2015, and displayed an arcade game machine under the name LUCKY DUCKY at the 2016 annual Amusement Expo trade show held in March, 2016, in Las Vegas, Nevada.  On further information and belief, S&B Entertainment has been selling arcade game machines under the LUCKY DUCKY mark through its website which is accessible in this judicial district.

13.  On further information and belief, S & B Entertainment has sold its LUCKY DUCKY arcade game machines in this judicial district.

4

## COUNT I
## FEDERAL UNFAIR COMPETITION

14. Plaintiffs hereby incorporate by reference and re-allege each and every allegation of paragraphs 1 through 13 above.

15. The foregoing activities of Defendant, namely, the use of the LUCKY DUCKY name on arcade game machines, is likely to cause confusion, mistake or deception as to the source or origin of Defendant's goods.

16. The foregoing acts of Defendant create the clear and false impression that Plaintiffs and Defendant are related, and/or that Defendant is part of Plaintiffs, and/or that Plaintiffs have approved or endorsed Defendant, its goods, and the quality thereof.  This misrepresentation is likely to cause confusion, mistake or deception as to the relationship, affiliation, connection or association of Plaintiffs and Defendant in violation of Section 43(a) of The Lanham Act, 15 U.S.C. §1125.

17. The foregoing acts of Defendant have been done willfully and with full knowledge of Plaintiffs' rights in Plaintiffs' PLUCKY DUCKY mark with the intent to deceive and to trade on the goodwill associated with Plaintiffs' PLUCKY DUCKY mark.

18. The foregoing acts of Defendant are causing Plaintiff serious and irreparable harm which will continue unless enjoined by this Court.

## COUNT II
### COMMON LAW UNFAIR COMPETITION

19. Plaintiffs hereby incorporate by reference and re-allege each and every allegation on paragraphs 1 through 18 above.

20. This cause of action arises under the common law of the State of New Jersey.

21. The foregoing activities of Defendant, namely, the use of the LUCKY DUCKY name on arcade game machines, is likely to cause confusion, mistake or deception as to the source or origin of Defendant's goods.

22. The foregoing acts of Defendant create the clear and false impression that Plaintiffs and Defendant are related, and/or that Defendant is part of Plaintiffs, and/or that Plaintiffs have approved or endorsed Defendant, its goods, and the quality thereof. This misrepresentation is likely to cause confusion, mistake or deception as to the relationship, affiliation, connection or association of Plaintiffs and Defendant in violation of common laws of the State of New Jersey.

23. The foregoing acts of Defendant have been done willfully and with full knowledge of Plaintiffs' rights in Plaintiffs' PLUCKY DUCKY mark with the intent to deceive and to trade on the goodwill associated with Plaintiffs' PLUCKY DUCKY mark.

24. The foregoing acts of Defendant are causing Plaintiff serious and irreparable harm which will continue unless enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award its relief, including, but not limited to, the following:

(A) An Order declaring that Defendant's use of the mark LUCKY DUCKY constitutes federal and common law unfair competition, as detailed above.

(B) A permanent injunction enjoining Defendant, its officers, agents, subsidiaries, patent companies, servants, employees, attorneys, confederates and all other persons in active concert or participation with them be preliminarily and permanently enjoined from using the name LUCKY DUCKY, or any mark confusingly similar thereto, for any type of arcade game machine;

(C) An Order directing Defendant to, within thirty (30) days after the entry of the injunction, file with this Court and serve on Plaintiffs' attorneys a report in writing and under oath setting

7

forth in detail the manner and form in which Defendant has complied with the injunction.

(D) An Order requiring Defendant to immediately retract and surrender for destruction all product and materials containing or featuring the name LUCKY DUCKY, including, but not limited to arcade game machines, signage, posters, brochures, advertisements, billboards, packaging, point of sale materials and displays, and promotional materials.

(E) An Order requiring Defendant to account for and pay to Plaintiffs all profits arising from Defendant's unlawful acts and that such profits be increased, pursuant to 15 U.S.C. § 1117 and other applicable laws.

(F) An Order requiring Defendant to pay Plaintiffs' costs and attorneys' fees in this action, pursuant to 15 U.S.C. § 1117 and other applicable laws.

(G) An Order requiring Defendant to pay for corrective advertising.

(H) An Order requiring Defendant to notify all of Defendant's distributors, retailers, resellers, and customers in the United States of any final Order issued by this Court.

(I) Such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

```
                              GIORDANO, HALLERAN & CIESLA, P.C.
                              Attorneys for Plaintiffs,
                              ELAUT NV and ELAUT USA, INC.


                              By: s/ Christopher J. Marino
                                  CHRISTOPHER J. MARINO
DATED:  June 21, 2016
```

Docs #2364600-v1